IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMARCUS ALI SEARS,

        Petitioner,

v.

BRUCE CHATMAN, Warden,

        Respondent.

1:10-cv-1983-WSD

**OPINION AND ORDER**

This matter is before the Court on foundational issues that the Court required the parties to address in its June 23, 2016, Order [45] before considering Petitioner Demarcus Ali Sears' ("Petitioner") Motions for Discovery and an Evidentiary Hearing [38].

**I. BACKGROUND**

    A. <u>Petitioner's Trial</u>

On April 11, 1991, a Cobb County grand jury issued an indictment charging Petitioner with one count of kidnapping with bodily injury (Count 1) and one count of armed robbery (Count 2). ([14.1] at 14-16). The case went to trial.

> The evidence [presented at trial] showed that on the afternoon of October 7, 1990, Demarcus Sears and Phillip Williams were walking through Atlanta because their car had broken down. Wanting to return home to Ohio, where they lived, they walked to a Waffle House

> in Smyrna and tried to borrow money from several patrons in the
> restaurant. They told the patrons that their car had broken down and
> they needed money to go to Cincinnati. Sears carried a black
> briefcase that contained brass knuckles, knives and a set of old
> handcuffs that was missing a key. He opened the briefcase in the
> restaurant and tried to sell some of the items to a customer. After
> receiving directions and a couple of dollars for bus fare, Sears and
> Williams walked to a nearby Kroger food store. A police officer
> observed them loitering near the Kroger parking lot and briefly spoke
> with them before he left in response to a radio call. Subsequently,
> they decided to steal a car so they could drive back to Cincinnati.
>
> They spotted the victim, Gloria Wilbur, when she parked her
> 1985 Buick and entered the Kroger. Around 8:00 p.m., Ms. Wilbur
> returned to her car and placed her groceries in the trunk. Sears
> approached her, struck her with the brass knuckles and forced her into
> the car. Williams then got behind the wheel and they drove north on
> I–75. Sears told Ms. Wilbur to keep quiet, pulled her into the back
> seat, and handcuffed her with her hands behind her back. When they
> stopped for gas and hamburgers, Sears wedged Ms. Wilbur down
> between the seats and covered her with book bags to prevent
> discovery. While they were driving through Tennessee, he raped her.
>
> They crossed the border into Kentucky around 1:00 a.m. and stopped
> the car. Despite her pleas to remain in the car, Sears took the victim
> into the bushes along I–75 and stabbed her to death. Ms. Wilbur's
> body was found, still handcuffed, almost a week later. Her abandoned
> Buick was discovered in a Cincinnati suburb. Bloodstains in the car
> matched the victim and pubic hair taken from the back seat matched
> Sears

Sears v. State, 493 S.E.2d 180, 182 (Ga. 1997).

On September 22, 1993, a jury convicted Petitioner on both counts of the indictment. ([14.2] at 91). On September 25, 1993, the jury returned their sentencing verdict, finding statutory aggravating circumstances beyond a

reasonable doubt and recommending a sentence of death. ([15.24] at 32-36; [14.2] at 102-107).[1] Each juror affirmed, in court, that the verdict announced was the verdict they reached, that it was still their verdict, and that it was freely and voluntarily entered. ([15.24] at 37-46). The trial court adopted the jury's recommendation and sentenced Petitioner to death for his kidnapping with bodily injury conviction. ([14.2] at 106-107). Petitioner was sentenced to life imprisonment on the armed robbery charge. ([14.2] at 108).

    B.    <u>Petitioner's Motion for a New Trial and his Direct Appeal</u>

On October 14, 1993, Petitioner filed a motion for a new trial, which he amended on February 9, 1996, May 24, 1996, and June 20, 1996. Petitioner's motion argued, among other things, that "the jury's death verdict was impermissibly coerced," and that "there was misconduct on the part of jurors during the trial and sentencing deliberations." ([14.4] at 29, 100). The trial court denied Petitioner's motion on July 18, 1996. ([14.4] at 113). Petitioner appealed and, on December 3, 1997, the Georgia Supreme Court affirmed Petitioner's

---

[1] The jury found, as aggravating circumstances, that Petitioner committed the offense of kidnapping with bodily injury while he was engaged in the capital felonies of armed robbery, rape and murder. The jury also found that Petitioner's commission of kidnapping with bodily injury was outrageously and wantonly vile, horrible, and inhuman in that it involved torture, depravity of mind, and aggravated battery. ([14.2] at 103-104).

3

convictions but remanded to develop the record on the alleged jury misconduct during sentencing. Sears v. State, 493 S.E.2d 180 (Ga. 1997).

On March 16 and 17, 1998, the trial court held an evidentiary hearing on Petitioner's jury misconduct allegations. ([17.8]; [17.9] at 52-53). One of the jurors at trial, Angel Fisher ("Fisher"), was called to testify at the hearing. ([17.9] at 35).[2] She stated that she was, during deliberations, the lone hold-out for a life sentence but ultimately voted for a death sentence on the kidnapping with bodily injury count. The trial court ruled that Fisher could testify about the following topics:

1. "Express and specific acts of violence," including "threats of violence." ([17.9] at 20).

2. "[O]vert acts of coercion." ([17.9] at 20).

3. Juror Kenneth Makant's "statements regarding the rape of his daughter." ([17.9] at 20).

4. Foreman Sanford Abrams' alleged claim that Fisher should be prosecuted for perjury. ([17.9] at 20).

---

[2] Fisher, like Petitioner, is African-American. ([17.9] at 35). Two other members of the jury were African-American, and one was Hispanic. ([17.9] at 73).

Over Petitioner's objections, the trial court, citing O.C.G.A. § 17-9-41,[3] ruled that Fisher could not testify about:

1. "[T]he internal working of the deliberations of the jury with regard to the votes, the jury votes." ([17.9] at 20).

2. Comments allegedly made by other jurors that "if [Fisher's] sentence decision was life that that would lead to a situation where she or her sisters might be raped either by [Petitioner] or by other people." ([17.9] at 21-22).

The court sustained the government's objections to several questions that Petitioner asked Fisher during her examination at the hearing. In May 1998, the court denied Petitioner's motion for a new trial and, on August 1998, the case returned to the Georgia Supreme Court. ([17.11] at 7-8; [17.13] at 6). Petitioner did not, in his post-remand appeal, argue that the trial court erred in imposing limitations on Fisher's testimony. On March 15, 1999, the Georgia Supreme Court affirmed Petitioner's death sentence after considering the "totality" of the evidence from the trial and the evidentiary hearing. Sears v. State, 514 S.E.2d 426 (Ga. 1999). On

---

[3] O.C.G.A. § 17-9-41, at the time, provided that "The affidavits of jurors may be taken to sustain but not to impeach their verdict." Effective January 1, 2013, O.C.G.A. § 17-9-41 was replaced by O.C.G.A. § 24-6-606, which closely tracks Rule 606(b) of the Federal Rules of Evidence.

October 12, 1999, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. Sears v. Georgia, 528 U.S. 934 (1999).

### C. State Habeas Proceedings

On January 13, 2000, Petitioner filed his state habeas corpus petition in the Superior Court of Butts County, Georgia. ([17.24]; [18.21]-[18.22]). On January 9, 2008, the state court, after holding an evidentiary hearing, denied Petitioner's request for habeas relief. ([18.25]-[21.1]; [21.12]). On September 28, 2009, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of habeas relief. ([21.18]). On June 29, 2010, the United States Supreme Court issued its writ of certiorari and remanded the case on the grounds that the state habeas court "failed to apply the correct prejudice inquiry" in evaluating whether Petitioner's counsel had been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Sears v. Upton, 561 U.S. 945, 946 (2010).[4] On August 15, 2011, the state habeas court again denied habeas relief. ([21.36]). On November 18, 2013, the Georgia Supreme Court affirmed the denial of relief. Sears v. Humphrey, 751 S.E.2d 365 (Ga. 2013). On May 19, 2014, the United States Supreme Court denied

---

[4] The grounds for the Supreme Court's decision are not relevant to the issues before the Court and addressed in this Order.

Petitioner's petition for writ of certiorari.  Sears v. Chatman, 134 S. Ct. 2292 (2014).

Petitioner did not, during any of his state habeas proceedings, either (i) challenge the trial court's rulings on the scope of Fisher's testimony at the March 16-17, 1998, evidentiary hearing, or (ii) seek to elicit additional testimony from Fisher regarding the allegations of juror misconduct and coercion.

D.     Federal Habeas Proceedings

On June 25, 2010, Petitioner filed his Initial Petition for a Writ of Habeas Corpus by a Person in State Custody [1].  On August 4, 2014, Petitioner filed his First Amended Petition for Writ of Habeas Corpus by a Person in State Custody [28] ("Amended Federal Habeas Petition"), asserting a total of fifteen claims, many with subparts.  ([28]).  On April 8, 2016, the Court dismissed several of Petitioner's claims on the grounds that they are procedurally barred or not cognizable on federal habeas review.  ([37]).

On May 9, 2016, Petitioner filed his Motions for Discovery and an Evidentiary Hearing [38] ("Discovery and Hearing Motions").  Petitioner seeks an evidentiary hearing or discovery on Claims III and IV of his Amended Federal Habeas Petition, which assert (i) that Fisher "was coerced into voting for a death sentence by her fellow jurors' extortionate and threatening behavior during

7

deliberations" (Claim III), and (ii) that "the trial court violated [Petitioner's] rights to a fair trial, due process, and the uncoerced verdict of his jury when the court repeatedly instructed the jurors to continue to deliberate toward a verdict in the face of a deadlock" (Claim IV). ([38] at 1; [28] at 75, 82). Petitioner claims "[t]he state court unduly restricted the development and litigation of Petitioner's jury misconduct and juror coercion claims through its ruling improperly curtailing [Fisher's] testimony." ([38] at 7). Petitioner requests an evidentiary hearing or discovery "to fully develop [Fisher's] testimony without the unconstitutional limitations imposed by [the trial court's] evidentiary rule against juror testimony that impeaches the verdict." ([38] at 4-5). Petitioner argues he is entitled to an evidentiary hearing or discovery because he "is not at fault for failing to develop the record," in that he "made every effort to fully develop [Fisher's] testimony" but the state court improperly limited the areas about which he could question her. ([38] at 6).

On June 8, 2016, Respondent filed his Response in Opposition to Petitioner's Motions for Discovery and Evidentiary Hearing [40]. Respondent argues that Petitioner is not entitled to discovery or an evidentiary hearing unless he shows, based on the record in this case, that the state court's adjudication of his juror misconduct and jury coercion claims (1) "was contrary to, or involved an

8

unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Respondent also argues that Petitioner's motion "presented a new claim, although he failed to label it as such, that the trial court violated his Sixth Amendment rights when it ruled that certain evidence was inadmissible during his motion for new trial hearing held in March of 1998." ([40] at 17). Respondent states "this 'claim' is unexhausted and waived" because Petitioner "did not raise this issue on direct appeal or in his state habeas proceedings." ([40] at 17).

On June 15, 2016, the Court instructed the parties to confer on whether there were "predicate issue[s]" that must be resolved before Petitioner's entitlement to discovery or an evidentiary hearing is considered. ([44]). The parties identified two "threshold legal questions" for which they proposed a briefing schedule. ([45]). On June 23, 2016, the Court issued its Scheduling Order [45], setting out the two issues to be addressed:

a) Pursuant to Subsection (d) of 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996, what showing, if any, must Petitioner make with respect to the state courts' adjudication of his jury claims in order to obtain an evidentiary hearing before this Court?

b) Have any of the arguments in support of Petitioner's Motions for Discovery and for an Evidentiary Hearing been waived or

9

procedurally defaulted by virtue of Petitioner's failure to raise those arguments as required in any prior state or federal proceeding(s)?

([45] at 1). On July 22, 2016, and August 22, 2016, the parties filed briefs on the two issues. ([46]; [47]).

## II. DISCUSSION

### A. Whether Petitioner Must Satisfy 28 U.S.C. § 2254(d) to Obtain an Evidentiary Hearing or Discovery

The parties dispute whether Petitioner must satisfy 28 U.S.C. § 2254(d) before requesting an evidentiary hearing or discovery on claims previously decided on the merits in state court. The issue is whether, before Petitioner may obtain a hearing or discovery on his claims for juror misconduct (Claim III) or jury coercion (Claim IV), he must show that the state court's adjudication of those claims on the merits "was based on an unreasonable determination of the facts" or "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

Section 2254(d) provides limited circumstances in which a federal court may grant habeas relief on claims previously adjudicated on the merits in state court:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The Eleventh Circuit, and "every [other] circuit court to consider this issue[,] has held that the Pinholster restriction applies to § 2254(d)(2) claims, as well." Landers v. Warden, Atty. Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015). "Therefore, before a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." Id.; see Pinholster, 563 U.S. at 183, 185 ("[W]hen the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing. . . . Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief."); Landers, 776 F.3d at 1299 ("[W]e agree with the district court that the petitioner

11

has not met his considerable burden under § 2254(d)(2). As a result, the petitioner can neither attain habeas relief nor an evidentiary hearing."); Pope v. Sec'y, Florida Dep't of Corr., 752 F.3d 1254, 1263 (11th Cir. 2014) ("[U]nder Pinholster, § 2254(d) must be satisfied before a federal habeas court may consider any § 2254(e)(2) evidence."); Gulbrandson v. Ryan, 738 F.3d 976, 993-94 (9th Cir. 2013) (stating that Pinholster "effectively precludes federal evidentiary hearings for . . . claims [adjudicated on the merits in state court] because the evidence adduced during habeas proceedings in federal court could not be considered in evaluating whether the claim meets the requirements of § 2254(d)").[5]

Considering this authority, and the reasoning in it, the Court finds that Petitioner must satisfy § 2254(d) before he is allowed discovery or an evidentiary hearing on claims previously adjudicated on the merits in state court. Petitioner's contrary argument is inconsistent with binding authority and defies common sense.

---

[5] See also Pinholster, 563 U.S. at 183, 205 (Breyer, J., concurring in part and dissenting in part) ("If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed. . . . [W]e cannot say whether an (e) hearing is needed until we know whether the state court, in rejecting Pinholster's claim on the basis presented to that state court, violated (d)."); Wilson v. Humphrey, No. 5:10-cv-489, 2011 WL 2709696, at *3 (M.D. Ga. July 12, 2011) ("After Pinholster, if a state court decides a particular claim on the merits, district courts are not authorized to hold an evidentiary hearing in which new evidence is introduced to support that claim. It logically follows that conducting discovery on that claim would be futile.").

It would result in the expenditure of time and resources for the discovery and presentation of evidence that a federal habeas court is barred from considering absent the requisite showing under § 2254(d). See Butts v. Chatman, No. 5:13-cv-194, 2014 WL 185339, at *1 (M.D. Ga. Jan. 15, 2014) ("Because this Court's review is limited to evidence presented to the state court, discovery of new evidence and an evidentiary hearing to present that evidence would be unnecessary.").

The parties do not dispute that Petitioner's claims for juror misconduct (Count III) and jury coercion (Count IV) were adjudicated on the merits in state court. (See, e.g., [38] at 1; [44] at 6; [46] at 13, 17; [47] at 21). Petitioner thus is not entitled to discovery or an evidentiary hearing on these claims unless he shows, under 28 U.S.C. § 2254(d), that the state court's adjudication of the claims "was based on an unreasonable determination of the facts" or "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). Petitioner now is required to make this showing.

    B.    <u>Whether Petitioner Waived or Procedurally Defaulted his Argument that the State Court Improperly Limited the Scope of Fisher's Testimony</u>

Section 2254(e)(2) "bars the district court from [permitting discovery or] holding an evidentiary hearing 'if the applicant has failed to develop the factual

13

basis of a claim in State court proceedings.'" Williams v. Alabama, 791 F.3d 1267, 1276 (11th Cir. 2015) (quoting 28 U.S.C. § 2254(e)(2)).[6] "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000).[7] Petitioner argues that section 2254(e)(2) does not preclude him from obtaining discovery or an evidentiary hearing on his juror misconduct and jury coercion claims, because he is "not at fault for the deficiency in the state court record." ([38] at 18). Petitioner states he "made every effort to fully develop [Fisher's] testimony," but "the state court improperly—indeed, unconstitutionally—interposed its no-impeachment rule" to limit the scope of Fisher's testimony. ([38] at 6-7; [46] at 17). Respondent claims Petitioner is procedurally barred from making this argument (the "Argument") because Petitioner was required, but failed, to exhaust it in state court. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies).

---

[6] Section 2254(e)(2) provides limited exceptions to this rule. 28 U.S.C. § 2254(e)(2).

[7] Although the language of section 2254(e)(2) refers only to "evidentiary hearing[s]," courts have held that section 2254(e)(2)'s diligence requirement also applies to requests for discovery. See, e.g., Lee v. Humphrey, No. 510-cv-017, 2013 WL 4482461, at *2 (S.D. Ga. Aug. 20, 2013) (collecting cases).

14

Because Petitioner's Argument focuses on the diligence requirement under § 2254(e), and because § 2254(e) is irrelevant unless Petitioner first satisfies § 2254(d), the Court declines, at this stage, to address whether Petitioner has waived or procedurally defaulted his Argument. Whether Petitioner satisfies § 2254(d) is a threshold issue that must be resolved before the Court determines whether, under § 2254(e), Petitioner is allowed discovery or an evidentiary hearing on claims previously adjudicated on the merits in state court. Accordingly, Petitioner shall file, on or before May 8, 2017, his brief, not exceeding twenty (20) pages, showing that the claims on which he seeks discovery or an evidentiary hearing satisfy § 2254(d). Respondent shall file, on or before May 22, 2017, his response not exceeding twenty (20) pages. Petitioner shall file his reply, if any, on or before May 30, 2017. Petitioner's reply shall not exceed ten (10) pages.[8]

---

[8] Petitioner states that, if he is required to satisfy § 2254(d) before obtaining an evidentiary hearing, he "can provide the Court with further briefing demonstrating" that "the deficiency in the state court's post-verdict fact-finding procedures itself renders the state court's resultant adjudication an unreasonable determination of the facts in light of the state court record under § 2254(d)(2)." ([46] at 13). Because this argument falls outside the threshold issues currently before the Court, and because Respondent declined to address it, the Court, at this stage, does not decide whether the argument is meritorious or procedurally proper. (See [47] at 14 n.5). For similar reasons, the Court also declines, at this stage, to address Respondent's argument that the Court is "precluded from finding the state court's evidentiary ruling to be unconstitutional as, *inter alia*, this would be barred under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989)." ([47] at 16).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner is required to satisfy 28 U.S.C. § 2254(d) before he is allowed an evidentiary hearing or discovery on claims previously adjudicated on the merits in state court. Petitioner shall file, on or before May 8, 2017, his brief, not exceeding twenty (20) pages, showing that the claims on which he seeks discovery or an evidentiary hearing satisfy 28 U.S.C. § 2254(d). Respondent shall file, on or before May 22, 2017, his response not exceeding twenty (20) pages. Petitioner shall file his reply, if any, on or before May 30, 2017. Petitioner's reply shall not exceed ten (10) pages.

**SO ORDERED** this 24th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE